## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **OSCAR L. PRICE** | ) | |
| 110 Sawmill Court | ) | |
| Grasonville, Maryland 21638 | ) | |
| | ) | **Jury Trial Demanded** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| **GRASONVILLE VOLUNTEER** | ) | |
| **FIRE DEPARTMENT** | ) | |
| 4128 Main Street | ) | |
| P.O. Box 457 | ) | |
| Grasonville, Maryland 21638 | ) | |
| | ) | |
| Serve On Resident Agent: | ) | |
| | ) | |
| Jason E. Anthony, Sr. | ) | |
| 128 Malone Lane | ) | |
| Grasonville, Maryland 21638 | ) | |
| & | ) | |
| Roger N. Powell, Esq. | ) | |
| 107 Old Court Road | ) | |
| Pikesville, Maryland 21208 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff, Oscar L. Price, by and through counsel, and sues Defendant,

the Grasonville Volunteer Fire Department ("GVFD" or "the Department"):

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338.  This action involves

employment discrimination, which occurred within the boundaries of Queen Anne's County,

Maryland in violation of 42 U.S.C. §§ 2000(e) et. seq., Title VII of the Civil Rights Act of

1964.

2.      Venue is proper in the United States District Court for the District of Maryland under 28

U.S.C. § 1391 because Plaintiff resides in and Defendant performs business and is located in

the State of Maryland.

## PARTIES

3.      Plaintiff Oscar L. Price is an adult, African-American male citizen of the State of

Maryland and resides at 110 Sawmill Court, Grasonville, Maryland 21638.

4.      Defendant Grasonville Volunteer Fire Department is a Maryland corporation doing

business in and around the Grasonville area, including the location at 4128 Main Street,

Grasonville, Maryland 21368 where Plaintiff worked.

## FACTS

5.      Mr. Price began working for Defendant in 1983 and is the Department's only African-

American life member.  His job duties included acting as an engineer and driver.

6.      Mr. Price was the first African-American firefighter admitted to the Grasonville

Department and in Queen Anne's County.  After twenty-six (26) years of honorably serving

the Department, he became subject to discrimination and harassment by the Department's

new President Robert Sharp and new line staff: Jason Anthony, Steve McCombs, and Keith

Thomas, as well as Matt Coursey, John Werkheiser, and Ray Stokes.

7.      As president, Mr. Sharp presided over the annual elections on December 14, 2009.  Mr.

Price was unable to attend the meeting and submitted his ballot to Mr. Sharp in a sealed

envelope in advance of the meeting.  At the meeting, Mr. Sharp made a spectacle of Mr.

Price by throwing Mr. Price's ballot in the trash in front of the entire Department.  Dawn

Anthony protested Mr. Sharp's actions and was physically assaulted for her opposition.  Mr.

Sharp was subsequently found guilty of second degree assault in connection with his attack.

8.      Ms. Anthony informed Mr. Price of the evening's events.  Upset that his votes had not been counted, Mr. Price attempted to address that matter with Mr. Sharp and the command staff.  He was told, however, that his one vote "did not matter."

9.      In pursuit of service to his community, Mr. Price continued to volunteer his time to the Department.  When Chief Jason Anthony requested that Mr. Price make himself available to clear the Department's parking lot during snow storms on February 5, 2010 and February 10-11, 2011, Mr. Price agreed.  Mr. Price informed Chief Anthony that his tractor was broken and that he would have to rent one in order to remove the snow.  Chief Anthony assured Mr. Price that the Fire Department would cover the costs associated with the snow removal.

10.     Acting on Chief Anthony's assurances, Mr. Price submitted an invoice to the Fire Department in the sum of $1,950.00, which covered the cost of renting the tractor and Mr. Price's thirty-five hours of labor.  Grasonville received money from FEMA for snow removal, but retained the money.  President Sharp remarked that the Department "was not going to pay his black ass," even though Mr. Price believes the Department paid one Caucasian individual, who also cleared snow from the parking lot.  To date, Mr. Price has not been reimbursed or paid for his time.

11.     Shortly after the snow storms, Mr. Price noticed that his equipment had been moved without his knowledge or consent to the back of the station.  Officers and line staff had also begun referring to him as "a black son of bitch" and ordering him to "get his black ass on the truck."

12.     Mr. Price repeatedly attempted to address these unfair and discriminatory practices with the line staff, but, because these were the same people harassing him, Mr. Price's complaints fell on deaf ears.

13.     Caucasian members of the Department would seek to embarrass and mock Mr. Price by
        taking pictures of themselves in stereotypical urban, gang member style.  *See* Exhibit One,
        picture of Department members.

14.     In the early spring of 2010, Mr. Price filed a Charge of Discrimination with the Equal
        Employment Opportunity Commission.  Once the Department received notice of his charge
        in or around May 2010, Mr. Price's equipment went missing.  Mr. Price has reason to believe
        that Keith Thomas hid Mr. Price's equipment.  Mr. Price has heard that Lieutenant Keith
        Thomas has bragged to others that, "we took that nigger's gear and put it in a locker and that
        is where it is going to stay."  On another occasion, Lieutenant Thomas told Mr. Price to "take
        your black ass and drive" a snowplow.

15.     Without equipment, Mr. Price has not been able to respond to fires.  Chief Anthony has
        also refused to provide a pager to Mr. Price, despite Mr. Price's repeated requests for a new
        pager.  The officers and line staff's actions have effectively discharged Mr. Price from
        membership without affording him any due process.

16.     The Department's actions against Mr. Price constitute discrimination and retaliation
        prohibited by 42 U.S.C. § 1981 and a violation of his rights to equal protection under 42
        U.S.C. § 1983.  Mr. Price is disappointed that, after more than twenty (20) years of service to
        his community, he has been treated unfairly based on the color of his skin.

17.     Plaintiff timely filed before the EEOC.  Subsequently, the EEOC found cause that
        Plaintiff was terminated because of his race and was retaliated against for protected activity,
        i.e. the reporting of the racist comments and seeking protection under Title VII of the Civil
        Rights Act of 1964.  Specifically, the EEOC determined that:

        > Evidence obtained during the Commission's investigation revealed that since at least
        > 2009 and continuing through [Mr. Price's] active membership with [the Department]

in 2010, [Mr. Price] was subjected to racial harassment in the form of offensive race-based comments made by the President and various officers, as well as finding his gear removed from his locker and placed in the back of the fire house.  I find that this *conduct was severe and pervasive and that because the harassers were supervisors*, [the Department] may be held liable for their conduct.

See EEOC Determination, attached as Exhibit Two.

18.     Attempts to reach conciliation failed and a right to sue letter was issued on or about March 19, 2014, which Plaintiff received on or about March 21, 2014.  *See* EEOC Notice of Right to Sue, attached as Exhibit Three.

## CAUSES OF ACTION

### COUNT I
### (RACE DISCRIMINATION -  42 U.S.C. §§ 2000(e) et. seq., Title VII of the Civil Rights Act of 1964)

19.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20.     Plaintiff was constructively terminated and had other tangible job detriments taken against him because he is African-American.  Moreover, similarly situated Caucasian employees received a lower level of discipline or none at all.

21.     Plaintiff was terminated and discriminated against in violation of 42 U.S.C. §§ 2000(e) et. seq., Title VII of the Civil Rights Act of 1964, which prohibits any and all employment related decisions, including termination, to be made based upon an employee's race.

        WHEREFORE, the Plaintiff, Oscar L. Price, demands judgment against Defendant, for One Million Dollars ($1,000,000.00) in compensatory and punitive damages plus interest, as well as attorneys' fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT II
### (RACIALLY HOSTILE WORK ENVIRONMENT -  42 U.S.C. §§ 2000(e) et. seq., Title VII of the Civil Rights Act of 1964)

22.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.     In perpetrating the above-described actions, the Defendant and/or its agents and employees, engaged in a continuing and ongoing pattern and practice of unlawful racial harassment in violation of 42 U.S.C. §§ 2000(e) et. seq., Title VII of the Civil Rights Act of 1964.   Defendant and/or its agents and employees, racially harassed Plaintiff and/or failed to take immediate and appropriate corrective action.  The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment, including his constructive termination, and to create a hostile, intimidating and/or abusive work environment.

24.     By the aforesaid acts and omissions of Defendant and its agents/employees, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, and costs of suit.

25.     As a further direct and legal result of the acts and conduct of Defendant and/or its agents and employees, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

WHEREFORE, Plaintiff, Oscar L. Price, demands judgment against Defendant, for compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00), plus interest, attorneys' fees and the costs of this action.

## COUNT III
## (RACE DISCRIMINATION – 42 U.S.C. § 1981)

26.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.     Plaintiff's constructive termination, as well as the threatened disciplinary actions and disciplinary actions taken against him, and the severe and pervasive harassment, occurred because he is African-American.  The failure to discipline, including terminate, and/or to threaten to discipline similarly situated white employees constitute purposeful, racially discriminatory actions by Defendant and its personnel, resulting in the discriminatory discipline and termination of Plaintiff in violation of 42 U.S.C. §1981.  42 U.S.C. §1981 prohibits any and all employment related decisions, including termination, to be made based upon an employee's race, and prohibits unequal enforcement of company policies based upon race.  *See* 42 U.S.C. §1981(a) (stating that *"[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory* to make and enforce contracts, . . . *as is enjoyed by white citizens*, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other") (emphasis supplied); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018-19 (4th Cir. 1999) (holding that "[h]aving concluded that an at-will employment relationship is contractual, we hold that such relationships may therefore serve as predicate contracts for § 1981 claims").

WHEREFORE, Plaintiff, Oscar L. Price, demands judgment against Defendant, for compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00), plus interest, attorneys' fees and the costs of this action.

## COUNT IV
### (RETALIATION)

28.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29.     Defendant took adverse employment actions against Plaintiff and wrongfully terminated plaintiff in violation of the 42 U.S.C. §§ 2000(e) et. seq., Title VII of the Civil Rights Act of 1964.

30.     As an employee of Defendant, Plaintiff was entitled to the protections under Title VII of the Civil Rights Act of 1964, including protected activity such as reporting racial hostility and objecting to racial hostility in the workplace.

31.     Upon Plaintiff's reporting racial comments from co-workers and superiors, Defendant's agents retaliated against Plaintiff by failing to compensate him for services rendered, by preventing him from voting in Department elections, depriving him of his essential equipment, and by eventually constructively terminating him.

WHEREFORE, the Plaintiff, Oscar L. Price, demands judgment against Defendant, for One Million Dollars ($1,000,000.00) in compensatory and punitive damages plus interest, as well as attorneys' fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

Respectfully submitted,


JOSEPH, GREENWALD & LAAKE, P.A.


_____/s/_____
Cary J. Hansel (Bar No. 14722)
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 (O)
(301) 220-1214 (F)
*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **OSCAR L. PRICE** | ) | |
| 110 Sawmill Court | ) | |
| Grasonville, Maryland 21638 | ) | |
| | ) | **Jury Trial Demanded** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| **GRASONVILLE VOLUNTEER** | ) | |
| **FIRE DEPARTMENT** | ) | |
| 4128 Main Street | ) | |
| P.O. Box 457 | ) | |
| Grasonville, Maryland 21638 | ) | |
| | ) | |
| Serve On Resident Agent: | ) | |
| | ) | |
|   Jason E. Anthony, Sr. | ) | |
|   128 Malone Lane | ) | |
|   Grasonville, Maryland 21638 | ) | |
| & | ) | |
|   Roger N. Powell, Esq. | ) | |
|   107 Old Court Road | ) | |
|   Pikesville, Maryland 21208 | ) | |
| | ) | |
| Defendant. | ) | |

## <u>LINE REGARDING SUMMONSES</u>

SIR/MADAM CLERK:

Kindly accept the attached Complaint and Jury Demand for filling, issue summonses

thereon, and return to undersigned counsel for service by private process.

Respectfully submitted,


JOSEPH, GREENWALD & LAAKE, P.A.


_____/s/_____
Cary J. Hansel (Bar No. 14722)
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 (O)
(301) 220-1214 (F)
*Counsel for Plaintiff*