**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| Chambers of<br>**Ellen Lipton Hollander**<br>District Court Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-0742 |

September 8, 2014

MEMORANDUM TO COUNSEL

    Re:    *Price v. Grasonville Volunteer Fire Department*
             Civil Action No. ELH-14-1989

Dear Counsel:

As you know, plaintiff Oscar Price filed suit against defendant Grasonville Volunteer Fire Department on June 19, 2014 (ECF 1). On July 8, 2014, defendant filed a "Preliminary Motion to Dismiss or in Alternative Motion to Strike" (ECF 5). Thereafter, on July 22, 2014, plaintiff filed an "Opposition to Defendant's Preliminary Motion to Dismiss or in the Alternative Motion to Strike" (ECF 10, the "Opposition"). Three days later, defendant filed a document titled "Defendant's Second Motion to Strike" (ECF 11). Further, on August 6, 2014, plaintiff filed a "Motion for Extension of Time to File a Responsive Pleading to Defendant's Second Motion to Strike" (ECF 12, the "Extension Motion"). In the Extension Motion, plaintiff moved, with defendant's consent, to extend until September 5, 2014, the deadline for his response to "Defendant's Second Motion to Strike" (ECF 11). *See* ECF 12.

In an Order dated August 7. 2013 (ECF 13), I observed that "ECF 11 is classified on the docket as a reply brief and, in substance, appears to amount to a response to plaintiff's Opposition, rather than an entirely new motion seeking to strike additional material." I granted plaintiff's Extension Motion (ECF 12), allowing a response to be filed by September 5, 2014, "in light of defendant's consent and the representations of plaintiff's counsel." *See* ECF 13 (Order). In an effort to make clear that any further filings *beyond* plaintiff's response of September 5, 2014, would not be accepted by the Court, I stated in a footnote: "Given the nature of ECF 11, which, as noted, essentially amounts to a reply, no further responses may be filed at this stage without leave of Court." *Id.* (citing Local Rule 105.2). Accordingly, I had anticipated that plaintiff would file a response to ECF 11 by September 5, 2014.

Instead, on September 5, 2014, plaintiff filed a "Motion for Leave to File a Surreply" (ECF 14, "Motion for Leave"). In the Motion for Leave, plaintiff notes, *inter alia*, that in ECF 11, which plaintiff refers to as defendants' Reply, defendant "argued, *for the first time*, that plaintiff was not an employee of [defendant] for purposes of Title VII." Motion for Leave at 1 (emphasis in original). As plaintiff observes, a surreply may be warranted where it "addresses evidence raised for the first time in the reply." *Minter v. Wells Fargo Bank, N.A.*, 283 F.R.D. 268, 270 n.3 (D. Md. 2012) (granting motion for leave to file surreply that would "aid the Court in reaching a just decision").

- 2 -

I had not intended to require plaintiff to seek leave of court before filing a response to ECF 11. Notably, defendant previously indicated that it did not oppose the filing of a response to ECF 11, as it consented to plaintiff's Extension Motion. *See* ECF 12. In any event, based on plaintiff's representations in the Motion for Leave, including plaintiff's desire to respond to new arguments that he indicates were first raised in ECF 11, the Motion for Leave (ECF 14) is granted, provided that, by September 12, 2014, defendant may move to rescind this Order on the ground that it was improvidently granted. Any surreply by plaintiff shall be due by September 19, 2014.[1]

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

          Very truly yours,

          /s/

          Ellen Lipton Hollander
          United States District Judge

---

[1] Following the filing of plaintiff's surreply, no further responses may be filed by either party without leave of Court. *See* Local Rule 105.2.