**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| Chambers of<br>**Ellen Lipton Hollander**<br>District Court Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-0742 |

May 15, 2015

MEMORANDUM TO COUNSEL

    Re: *Price v. Grasonville Volunteer Fire Department*
           Civil Action No. ELH-14-1989

Dear Counsel:

    As you know, plaintiff Oscar L. Price was a volunteer firefighter for defendant, the Grasonville Volunteer Fire Department (the "Department") in Queen Anne's County, Maryland. He sued the Department and asserted four claims: employment discrimination on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Count One); a racially hostile work environment, also in violation of Title VII (Count Two); employment discrimination on the basis of race, in violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981 *et seq.* (Count Three); and retaliation, in violation of Title VII (Count Four). *See* ECF 1 ("Complaint").

    As to the original Complaint, defendant filed a "Preliminary Motion to Dismiss or in [the] Alternative Motion to Strike" (ECF 5, "Motion"), arguing, *inter alia*, that plaintiff's claims pursuant to Title VII should be dismissed because he was an unpaid volunteer, and thus not an employee within the purview of the statutes. By Memorandum Opinion (ECF 20) and Order (ECF 21) dated December 30, 2014, I denied defendant's Motion. Relying on *Haavistola v. Cmty. Fire Co. of Rising Sun*, 6 F.3d 211, 221 (4th Cir. 1993), I concluded in the Memorandum Opinion: "I cannot say, as a matter of law, that Mr. Price was not an employee of the Department for purposes of Title VII." ECF 20 at 23. I also granted plaintiff leave to amend the Complaint to clarify the issues identified in the Memorandum Opinion. *Id*.

    Thereafter, plaintiff filed an amended complaint (ECF 22, "Amended Complaint"), in which he lodges the same four counts against the Department that were included in the initial Complaint. He also avers that he is entitled to relief as an employee, despite his status as a volunteer, because he "received remuneration sufficient to render him an employee under the protection of Title VII." ECF 22 ¶ 6. Price cites various provisions of Maryland law pertinent to volunteers, conferring certain benefits in exchange for volunteer services. *Id. See*, *e.g.*, Code (2003 Repl.Vol., 2010 Supp.), §§ 7–202–7–205 of the Public Safety Article; Md. Code (2008 Repl.Vol., 2010 Supp.), § 18–603 of the Education Article; Md. Code (2008 Repl Vol., 2010 Supp .), § 9–234 of the Labor and Employment Article; Md. Code (2010 Repl.Vol., 2011 Supp.), §§ 10–207–10–208 of the Tax–General Article; Md. Code (2009 Repl Vol., 2010 Supp.), § 13–

618 of the Transportation Article. ECF 22 ¶ 6, Amended Complaint.[1]  According to plaintiff, these benefits include, *inter alia*, disability benefits, survivor benefits, and scholarships for dependents upon disability or death. *Id.* ¶ 7.

Now pending is the Department's motion for summary judgment as to the claims asserted by plaintiff. *See* ECF 25, "Motion for Summary Judgment" or "Motion."  The Motion is supported by two exhibits.  ECF 25-1; ECF 25-2.[2]  In the Motion, defendant argues that summary judgment is appropriate because, as a matter of law, plaintiff was not an employee of defendant.  Plaintiff filed a response in opposition (ECF 30, "Opposition"), contending the Motion should be denied as premature, because plaintiff is entitled to discovery.  Plaintiff submitted with his Opposition the Affidavit of plaintiff (ECF 30-1), recounting the benefits to which he was entitled as a member of the Department, and a Declaration from plaintiff's counsel, Matthew D. Ling (ECF 30-3, "Ling Declaration"), filed pursuant to Fed. R. Civ. P. 56,[3] addressing the need for discovery.[4]

The threshold issue implicated by the Motion and the Opposition is whether plaintiff is entitled to conduct discovery prior to a disposition on defendant's Motion.  No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

Summary judgment is governed by Fed. R. Civ. P. 56(a).  It provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The non-moving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith, Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

---

[1] In my prior Memorandum Opinion, I took judicial notice of the statutes now cited in plaintiff's Amended Complaint.  ECF 20 at 22.

[2] ECF 25-1 is a collection of documents, forty-nine pages in length.  It includes, *inter alia*, handwritten Department meeting notes and the Constitution and By-Laws of the Department.  ECF 25-2 is also a collection of documents, nine pages in length.  It includes an excerpt from the Department's By-Laws and an undated brochure about joining the Department.  I note that in its Motion the defendant refers to an Affidavit of its President, ECF 25 ¶ 5, but I have not located the Affidavit.

[3] In addition, plaintiff submitted ECF 30-2, an Excerpt from *Compliance Manual Chapter 2: Threshold Issues*, available at http://www.eeoc.gov/policy/docs/threshold.html#N_74_ (accessed by plaintiff Sept. 19, 2014).

[4] On May 1, 2015, defendant also filed a motion to strike (ECF 38, "Motion to Strike"), requesting that the Court strike certain portions of the Amended Complaint.  The time for plaintiff to respond has not yet passed.  Therefore, the Motion to Strike is not addressed here.

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Of course, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, __ F.3d ___, No. 13-2212, slip op. at 12 (4th Cir. March 12, 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black &. Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006).  Indeed, in the face of conflicting evidence, such as competing affidavits or conflicting deposition testimony, summary judgment is generally not appropriate, because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility.  *See*, *e.g.*, *Boone v. Stallings*, 583 Fed. App'x. 174 (4th Cir. 2014) (per curiam).

As a general matter, summary judgment is also inappropriate "where the parties have not had an opportunity for reasonable discovery." *E. I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition" without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002) (discussing affidavit requirement of former Rule 56(f)). And, "[i]n response, the district court may defer consideration of the summary judgment motion, deny the motion, or 'issue any other appropriate order.'" *McCray v. Maryland Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) (quoting Fed. R. Civ. P. 56(d)).

As noted, defendant has moved for summary judgment on the ground that only employees are protected from discrimination, not volunteers, and plaintiff was a volunteer. Defendant contends that because plaintiff did not receive any actual remuneration for his services to the Department, he was not an employee of defendant under applicable law.  ECF 25 at 4-5, Motion. At best, in defendant's view, plaintiff had "future possible entitlement[s]" and "possible future rights" to certain benefits.  *Id.* at 6.  According to defendant, most of those benefits require plaintiff to die "in the line of duty," *id.* at 3,  and such conditional remuneration does not transform a volunteer into an employee under Title VII.  *Id.* at 6.

When considering what constitutes an employee under Title VII, the language of the statute provides little guidance. Title VII states: "It shall be an unlawful employment practice for an employer to fail or refuse to hire . . . any individual ... because of such individual's . . . race." 42 U.S.C. § 2000e–2(a)(1). The statutory definition of "employer" is a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." § 2000e(b). And, in turn, an "employee" is defined as "an individual employed by an employer." § 2000e(f).

The Fourth Circuit has set forth a two-part test to ascertain whether an individual is an employee in a discrimination case. *Haavistola*, *supra*, 6 F.3d at 219–221; *see Stewart v. Morgan State Univ.*, 2014 WL 4385744, at *3 (D.Md. Sept. 3, 2014). First, the individual must

demonstrate the existence of an employment relationship. *Bender v. Suburban Hosp.,* 998 F. Supp. 631, 634 (D. Md. 1998) (noting that it is "axiomatic that a plaintiff must allege the existence of an employment relationship in order to state a Title VII claim."). In particular, the individual must establish that, in exchange for the service provided to the employer, he or she received compensation. *Haavistola,* 6 F.3d at 221–22.

After the threshold issue of remuneration is established, the inquiry shifts to "analyzing the facts of each employment relationship under a standard that incorporates both the common law test derived from principles of agency and the so-called 'economic realities' test." *Haavistola, supra,* 6 F.3d at 219–220 (quoting *Garrett v. Phillips Mills, Inc.*, 721 F.2d 979, 981 (4th Cir. 1983)). "'[E]mployees are those who as a matter of economic reality are dependent upon the business to which they render service.'" *Haavistola*, 6 F.3d at 220 (*quoting Bartels v. Birmingham,* 332 U.S. 126, 130 (1947)).

The plaintiff in *Haavistola* was a volunteer with a local fire company and the defendant was the fire company.  Like Price, the plaintiff in *Haavistola* brought a Title VII claim of discrimination against the fire company.  Although the plaintiff did not receive a salary in exchange for her service as a volunteer firefighter, she was entitled to benefits pursuant to certain Maryland statutes. *Haavistola*, 6 F.3d at 221.  The benefits included a state-funded disability pension; survivors' benefits for dependents; scholarships for dependents upon disability or death; bestowal of a state flag to the family upon death in the line of duty; benefits under the Federal Public Safety Officers' Benefits Act when on duty; group life insurance; tuition reimbursement; coverage under Maryland's Workers Compensation Act; tax-exemptions for unreimbursed travel expenses; ability to purchase, without paying extra fees, a special commemorative registration plate; and access to certification as a paramedic. *Id.*  Ultimately, and of import here, the Fourth Circuit concluded that whether certain remuneration rendered a volunteer an employee was a question of fact for the factfinder. *Id.* at 221-22.

In my earlier Memorandum Opinion, recognizing that the package of benefits allegedly available to plaintiff in this case was a package of benefits seemingly similar to those in *Haavistola*, I declined to rule that, as a matter of law, Price could not be an employee of the Department for the purposes of Title VII.  ECF 20 at 23.  I remain of the view that the issue of Price's employment status is a question of fact that cannot be decided at this early juncture, given the procedural posture of the case, when plaintiff has not been afforded discovery.

Plaintiff has articulated adequately, and in compliance with Rule 56, the "specified reasons, [he] cannot present facts essential to justify" his opposition to the summary judgment motion without needed discovery. Fed. R. Civ. P. 56(d).  In particular, in the Ling Declaration, plaintiff's counsel describes the information sought in discovery that would establish Price's status as an employee, including, *inter alia*., ECF 30-3 ¶ 4:

> d. The form and amount of compensation owed to Plaintiff as a consequence of Plaintiff's employment and/or membership with the Graysonville [sic] Volunteer Fire Department;

- 5 -

    e.      The nature and amount of benefits owed to Plaintiff as a consequence of Plaintiff's employment and/or membership with the Graysonville [sic] Volunteer Fire Department, including, but not limited to, tax exemptions, group life insurance benefits, state-funded disability pensions, tuition reimbursement for courses in medical certifications and fire service techniques, coverage under Maryland's Workers Compensation Act, tax exemptions for unreimbursed travel expenses, and other tax exceptions; and

    f.      The value of the aforementioned benefits and/or compensation received by Plaintiff as a consequence of Plaintiff's employment and/or membership with the Graysonville [sic] Volunteer Fire Department.

In sum, I am satisfied that discovery is warranted and that a disposition on defendant's Motion for Summary Judgment would be premature. Accordingly, defendant's Motion for Summary Judgment (ECF 25) is denied, without prejudice to defendant's right to renew it at the close of discovery.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

                Very truly yours,

                /s/

                Ellen Lipton Hollander
                United States District Judge