IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OSCAR PRICE,
   *Plaintiff*,

v.

GRASONVILLE VOLUNTEER
FIRE DEPARTMENT,
   *Defendant*.

Civil No. ELH-14-01989

## MEMORANDUM

Oscar Price, plaintiff, has filed suit against the Grasonville Volunteer Fire Department (the "Department"), defendant, alleging employment discrimination on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as the Civil Rights Act of 1991, 42 U.S.C. § 1981 *et seq.* On May 1, 2015, pursuant to Fed. R. Civ. P. 12(f), the Department moved to strike paragraphs 21 and 22 of plaintiff's Amended Complaint, as well as Exhibit 2 to plaintiff's Amended Complaint. *See* ECF 38 ("Motion to Strike"); ECF 22 ("Amended Complaint"). The Motion to Strike is supported by a memorandum. ECF 38-1. No response has been filed and the time to do so has expired. *See* Local Rule 105.2(a). No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

Paragraphs 21 and 22 of the Amended Complaint pertain to plaintiff's allegations that he timely filed his allegations of discrimination with the EEOC; the EEOC found cause that plaintiff was terminated because of his race and was retaliated against for protected activity; attempts at conciliation failed; and plaintiff was issued a right to sue letter. *See* ¶¶ 21, 22 of ECF 22. Exhibit 2 to the Amended Complaint, ECF 22-3, is the EEOC's "Determination" with respect to plaintiff's claims that defendant violated Title VII.

The Department complains that it was improper for plaintiff to append the Determination to the Amended Complaint, and improper for plaintiff to quote from it in the Amended Complaint. The Department also seeks to strike any reference in the Amended Complaint to attempts at conciliation. According to the Department, reference to these matters "will cause considerable prejudice at trial." ECF 38-1 at 3. Plaintiff cannot use the EEOC's findings, argues the Department, because they would "encroach upon the province of the factfinder." *Id.* The Department also insists that, if this information were disclosed to the jury, it would "cloud" their deliberations. *Id.* at 5.

As defendant acknowledges, motions to strike under Rule 12(f) are "generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Management Holdings, Inc. v. Gilmore*, 252 F. 3d 316, 347 (4th Cir. 2001) (citation omitted). Moreover, courts are granted "considerable discretion" with respect to such motions. *Xerox Corp. v. ImaTek, Inc.*, 220 F.R.D. 244, 245 (D. Md. 2004).

In my view, the Motion to Strike is without merit. The Department seems to labor under the misconception that an allegation in a complaint automatically renders the allegation admissible at trial. This is not so. Moreover, the Department seems to overlook that many of the disputed allegations are jurisdictional in nature.

Title VII prohibits an employer from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). It also prohibits employers from discriminating against an employee because the employee has filed a grievance or complaint regarding an employment practice that allegedly violates Title VII's

antidiscrimination provision.  *See* 42 U.S.C. § 2000e-3(a).  *See Boyer-Liberto v. Fontainbleau Corp.*, ____ F.3d ____, 2015 WL 2116849, at *13 (4th Cir. May 7, 2015).

However, before filing suit in federal court under Title VII, a potential plaintiff must first file a charge with the EEOC.  42 U.S.C. § 2000e-5(f)(1) (2006) (permitting civil suit by the "person claiming to be aggrieved" after filing of a charge with the EEOC and upon receipt of a right-to-sue letter); *see also*, *e.g.*, *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005); *Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000).  This is known as the "exhaustion requirement," and it "ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible."  *Miles*, 429 F.3d at 491.

The exhaustion requirement is not "simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit."  *Chacko v. Patuxent Institution*, 429 F.3d 505, 510 (4th Cir. 2005).  Rather, together with the agency investigation and settlement process it initiates, the requirement "'reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes.'"  *Balas*, 711 F.3d at 407 (quoting *Chris v. Tenet*, 221 F.3d 648, 653 (4th Cir. 2000)).[1]  "Allowing [the EEOC] first crack at these cases respects Congress's intent … ."  *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012).

Of import here, Title VII's exhaustion requirement functions as a jurisdictional bar in federal court; a suit is subject to dismissal if a plaintiff has failed to comply with it.  In *Balas*, 711 F.3d at 406, the Court said: "[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies."  Therefore, it was appropriate for plaintiff to include facts with regard to the EEOC process.

---

[1] For a description of the full process, *see Balas*, 711 F.3d at 407.

Even when, as here, a plaintiff has filed a claim with the EEOC, a court cannot consider matters that were not properly raised during the EEOC process.  *See*, *e.g.*, *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (quoting *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)) ("'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'"); *Miles*, 429 F.3d at 491.  To determine whether a plaintiff has "properly alleged [a claim] before the EEOC" in a manner satisfying the exhaustion requirement, courts "may look *only* to the charge filed with that agency." *Balas*, 711 F.3d at 408 (emphasis added); *see also Evans*, 80 F.3d at 962-63 ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."); *Chacko*, 429 F.3d at 506 ("This charge frames the scope of future litigation.").

Therefore, the allegations in issue were largely necessary to establish jurisdiction.  There is no ground to strike them.  It does not follow that they will be admissible at trial, however.  Nor is there any basis to conclude that the complaint itself will be submitted to the jury.

Therefore, the Motion to Strike is DENIED.  This ruling is without prejudice to the Department's right to file a motion in limine to bar admission of any allegations in the Amended Complaint that would be inadmissible at trial.  The ruling is also without prejudice to the right of defendant to object, at trial, to the submission of or presentation to the jury of the information contained in ¶¶ 21 and 22 of the Amended Complaint and/or Exhibit 2.

Date:  May 29, 2015                                                             /s/
                                                                                        Ellen L. Hollander
                                                                                        United States District Judge

4