IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OSCAR PRICE | * | |
| | * | |
| v. | * | Civil No. – ELH-14-1989 |
| | * | |
| GRASONVILLE VOLUNTEER FIRE DEPT. | * | |

******

## MEMORANDUM

Discovery has now been completed, and defendant has moved for summary judgment. The motion will be denied.

As to the question of whether plaintiff was "employed by" defendant, Judge Hollander has previously ruled that a factual question is presented under *Haavistola v. Cmty. Fire Co. of Rising Sun*, 6 F.3d 211 (4th Cir. 1993). *See also Finkle v. Howard County, Md.*, 12 F. Supp. 3d 780, 784-86 (D. Md. 2014). *But cf. Evans v. Wilkinson*, 609 F. Supp. 2d 489 (D. Md. 2009). Her ruling remains dispositive.

The alleged facts that (1) the words "nigger," and "boogie" were frequently used by other volunteer firefighters, including those who led GVFD, to refer to plaintiff, (2) members of GVFD urinated in plaintiff's protective gear, (3) plaintiff's protective gear was moved from the front of the department's premises and eventually locked up, (4) plaintiff was forced to sue the department to obtain payment for snow removal performances he had performed, and (5) plaintiff's ballot was torn up and discarded because, as allegedly stated by the department's president, "we are not going to accept these votes from no nigger," are sufficient to demonstrate that plaintiff was discriminated against because of his race.

1

It appears that any claim that plaintiff might have under 42 U.S.C. §1981 is time barred because he learned that his protective gear had been removed more than four years prior to the institution of this suit. However, that is an issue that can best be resolved at trial.

A separate order denying defendant's motion for summary judgment is being entered herewith.

Date: 8/17/16

J. Frederick Motz
United States District Judge